DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| LAKEVIEW LOAN SERVICING, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2016-0065 |
| ) | |
| GWENDOLYN ADRIANA COLLINS a/k/a ) | |
| GWENDOLYN A. COLLINS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**Attorneys:**
**Matthew R. Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" (Dkt. No. 15) filed by Plaintiff Lakeview Loan Servicing, LLC ("Plaintiff") against Defendant Gwendolyn Adriana Collins a/k/a Gwendolyn A. Collins ("Defendant"). For the reasons discussed below, the Court will grant in part and deny without prejudice in part Plaintiff's Motion.

### I. BACKGROUND

On September 28, 2016, Plaintiff filed a Complaint against Defendant alleging causes of action for debt and foreclosure of a mortgage on real property. (Dkt. No. 1 at ¶¶ 11-15). Plaintiff alleges that Defendant executed a Note on November 5, 2009, in which she promised to pay Ramber Corp the principal amount of $294,000.00, together with interest at the rate of 5.375% per annum, in equal monthly payments of $1,646.32. (*Id.* at ¶ 5; Dkt. No. 1-1). The Note was secured by a Mortgage with Mortgage Electronic Registration Systems, Inc. ("MERS"), as Nominee for

Ramber Corp, that was executed by Defendant on the same day. The Mortgage placed a lien on real property ("Property") described as:

> Plot No. 63 (0.668 U.S. acre, more or less) of Estate Mary's Fancy, Queen Quarter, St. Croix, U.S. Virgin Islands, as more fully shown on OLG Drawing No. 4293, dated January 17, 1986.

(Dkt. Nos. 1 at ¶ 7; 1-2 at 2). The Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Croix on November 16, 2009. (Dkt. Nos. 1 at ¶ 8; 1-2 at 9).

The Complaint alleges that in April 2016, MERS assigned the Mortgage to Plaintiff and that assignment was recorded on May 6, 2016 at the Office of the Recorder of Deeds for the District of St. Croix. (Dkt. Nos. 1 at ¶ 9; 1-3). Plaintiff asserts that it owns and/or holds the Note and Mortgage and is entitled to enforce the same. (Dkt. No. 1 at ¶ 11).

Plaintiff further alleges that, beginning November 1, 2015, Defendant defaulted under the terms of the Note and Mortgage by failing to pay monthly installments of principal and interest as they became due, and that Defendant was given notice of the default. (*Id.* at ¶¶ 12-13; Dkt. No. 1-5). Plaintiff further asserts that pursuant to the terms of the Note, it elected to declare the entire unpaid principal sum, with all accrued interests and late charges due, and immediately payable. (Dkt. No. 1 at ¶ 14).

Plaintiff alleges that Defendant owes it the unpaid principal balance of $262,942.56; unpaid interest accrued; and reimbursement of any advances, expenses, fees, costs and late charges accrued before and during this action. *Id.* at 4. Plaintiff further asks that the Court: find that its Mortgage is valid; determine the priority of liens; foreclose Plaintiff's lien against the Property; and direct that the Property be sold to satisfy Defendant's debt to Plaintiff. In addition, Plaintiff requests an award for its attorneys' fees and costs in obtaining judgment and the award of a

personal judgment against Defendant for any deficiency that may exist after the sale of the Property. *Id.* at 4-5.

Defendant was served with a copy of the Summons and Complaint on November 12, 2016. (Dkt. No. 5-1). She has neither answered the Complaint nor appeared in this action. The Clerk filed an Entry of Default against Defendant on March 20, 2017. (Dkt. No. 11).

Thereafter, Plaintiff filed the instant Motion for Default Judgment and Memorandum of Law (Dkt. No. 15), along with a "Declaration of Counsel" addressing Defendant's age, competency, and military status (Dkt. No. 15-7). In response to an Order from this Court, Plaintiff subsequently filed an Affidavit of Indebtedness. (Dkt. No. 27).

Plaintiff argues that the procedural elements for default judgment have been satisfied because: Defendant was properly served with copies of the Summons and Complaint; the Clerk entered default against her; and she is not an infant or incompetent person, nor is she in the military service. (Dkt. No. 15 at 6-8). Plaintiff also contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that Defendant executed the Note and the Mortgage; Plaintiff has possession of the original Note and is holder of the Mortgage; Defendant defaulted under the terms of the Note and Mortgage; Defendant was given proper notice of the default and she failed to cure that default; and Plaintiff properly elected to accelerate the amounts due and owing and foreclose on the Property. *Id.* at 6. In addition, Plaintiff asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 6-9. Finally, Plaintiff asserts that it is entitled to an award of costs and attorneys' fees incurred in the prosecution of this action. *Id.* at 9-10.

In support of the Motion, Plaintiff filed an Affidavit of Indebtedness signed by an employee of Plaintiff's loan servicer, who explained how Plaintiff's document management system keeps track of and maintains records of debit and credit transactions related to the Mortgage and original Note. (Dkt. No. 27-1 at ¶¶ 2-6). After Plaintiff stayed this action following the impact of Hurricanes Irma and Maria (Dkt. Nos. 16, 18, 21), this Court issued an Order requiring Plaintiff to file an Updated Affidavit of Indebtedness with supporting documents and "a detailed explanation of the damages sought." (Dkt. No. 26). Plaintiff was also ordered to bring all amounts current as of the date of filing, or as close thereto as practicable. *Id.*

After another period where the case was stayed, Plaintiff filed an Updated Affidavit of Indebtedness, executed by Cheryl Decker. (Dkt. No. 37).[1] The Updated Affidavit sets forth the amounts allegedly due and owing through October 24, 2020: an unpaid principal balance of $262,942.56; unpaid interest from October 1, 2015 through October 24, 2020 of $71,556.18; escrow advances of $28,287.66 for hazard insurance and property taxes; accumulated late charges of $246.96; and a "recoverable balance" of $9,909.50 for monthly inspection fees, lawn maintenance costs, Competitive Market Analyses, property preservation costs, and various

---

[1] The Court finds that the Updated Affidavit of Indebtedness is still not as clear as the Court's Order required. While supporting documentation is attached, neither the Affidavit nor the documents themselves explain the abbreviations used for some of the expenses claimed. While some expenses are self-explanatory (*i.e.,* lawn maintenance) other expenses are not described sufficiently for the Court to determine the type of service paid for by Plaintiff and whether the expense was warranted or necessary to maintain the property or preserve Plaintiff's interests (*i.e.*, "securing," "property pres."). There is also no explanation why the amount requested—$9,909.50—differs from the total corporate account balance reflected on the document of $10,781.00. (Dkt. No. 37-1 at 66).

attorneys' fees, for a total amount due of $372,942.86. *Id.* at ¶ 8. Ms. Decker asserts that interest accrues on the outstanding debt at the per diem rate of $38.72. *Id.*

In addition, counsel submitted an affidavit asserting that he investigated whether Defendant was in the military service by conducting a search on the Department of Defense Manpower Data Center website and found no information that Defendant has ever been an active duty servicemember. (Dkt. Nos. 15-7 at ¶ 6; 15-8). Counsel also averred that he had no information that Defendant was a minor or incompetent. (Dkt. No. 15-7 at ¶ 7-8).

## II.     APPLICABLE LEGAL PRINCIPLES

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017); *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); Fed. R. Civ. P. 8(b)(6). "Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court." *Bank of Nova Scotia v. Robinson*, 2018 WL 1513269, at *3 (D.V.I. March 27, 2018) (citing *Catanzaro v. Fischer,* 570

F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.,* 189 F.3d 242, 244 (3d Cir. 1951)).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019) (quoting *Flagstar Bank, FSB v. Rivers,* 2014 WL 1101859, at *3 (D.V.I. Mar. 18, 2014); Fed. R. Civ. P. 55(b). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### III.   ANALYSIS

The factual allegations of the Complaint, as supported by the accompanying documents, set out all the necessary elements to entitle Plaintiff to judgment. Plaintiff has adequately alleged that (1) Defendant executed a Note and Mortgage with its predecessor-in-interest; (2) that Defendant is in default under the terms of the Note and Mortgage; and (3) the Note and Mortgage were properly transferred to Plaintiff, who possesses the same and is therefore authorized to enforce the Mortgage and Note. *Brouillard*, 63 V.I. at 793.

In addition, Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Defendant. It has properly shown that: (1) default was entered against Defendant

by the Clerk of Court (Dkt. No. 11); (2) Defendant has not appeared; (3) Defendant is neither an infant nor incompetent person (Dkt. No. 15-7 at ¶¶ 7-8); and (4) Defendant was validly served with process. (Dkt. No. 5). In addition, Plaintiff established that it investigated and found no information indicating that Defendant was in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 15-8).

Plaintiff also has shown with specificity how it calculated most of the amount claimed. (Dkt. No. 27). As set forth in the Declaration of Indebtedness and exhibits attached thereto, Plaintiff seeks unpaid principal of $262,942.56; accrued unpaid interest from October 1, 2015 through October 24, 2020 totaling $71,556.18; escrow advances for taxes and hazard insurance totaling $28,287.66; and late fees of $246.96, for a total indebtedness of $363,033.36 as of October 24, 2020, with interest accruing at $38.72 per diem thereafter until the date of judgment. (Dkt. No. 36 and Exhibits).

Plaintiff also seeks to include in its Judgment a "recoverable balance/corporate advances" of $9,909.50. However, the Updated Affidavit of Indebtedness fails to adequately explain various expenses identified as "securing," "property pres," and "FNMA FCL Invoice"—in terms of the types of services provided, the need for the services, or the reasonableness of the charges—to permit the recovery of those costs. In addition, the request for attorneys' fees totaling $6,163.50 listed in this category fails to provide any information describing the legal services performed, the hourly rate for such services, and how those services were reasonably necessary in this matter. Accordingly, the Court will only award a total for the "recoverable balance/corporate advances"

of the amounts reflecting property inspection fees, lawn maintenance costs, and Competitive Market Analyses totaling $3,806.00. (Dkt. No. 27-1 at 25-44).[2]

The Court has considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from Defendant's breach of her contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Defendant's default was a result of her culpable conduct as evidenced by her refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, default judgment against Defendant is appropriate.

### IV. CONCLUSION

Plaintiff has satisfied the requirements necessary for entry of a default judgment against Gwendolyn A. Collins. The Court will grant in part Plaintiff's Motion for Default Judgment (Dkt. No. 15) on the debt and foreclosure causes of action in its Complaint. In this regard, the Court will award Plaintiff an unpaid principal balance of $262,942.56; accrued unpaid interest from October 1, 2015 through October 24, 2020 totaling $71,556.18; a "recoverable balance/corporate advances" totaling $3,806.00; escrow advances for taxes and hazard insurance totaling $28,287.66; and late

---

[2] The Court will permit Plaintiff to recover any of the disallowed expenses upon a more detailed showing of the types of services provided and the reasons the expenses were necessary. To recover attorneys' fees, Plaintiff also must comply with the established method of proving that legal fees are reasonable. *See United States v. Woods*, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016).

fees of $246.96, for a total indebtedness of $366,839.36 as of October 24, 2020 with interest accruing at $38.72 per diem thereafter until the date of judgment. The balance of the requested "recoverable balance/corporate advances" of $6,103.50 will be denied without prejudice. In addition, in the absence of any evidence of superior liens against the Property, the Court finds that Plaintiff's lien is superior to any and all liens recorded against the Property after November 5, 2009.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: December 23, 2020                             _____/s/_____
                                                    WILMA A. LEWIS
                                                    Chief Judge